IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KRISTIN BLOMQUIST and KEVIN WARNER<br><br>Plaintiffs<br><br>v.<br><br>HORNED DORSET PRIMAVERA, INC., UNIVERSAL INSURANCE GROUP, INC.,<br><br>Defendants | CIVIL NO.<br><br><br>DAMAGES<br><br><br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT**

COME NOW plaintiffs Kristin Blomquist and Kevin Warner through undersigned counsel and most respectfully state and pray as follows:

PARTIES AND JURISDICTION

1. Plaintiffs Kristin Blomquist ("Blomquist") and Kevin Warner ("Warner") are citizens and residents of the State of New York, and are husband and wife.

2. Defendant Horned Dorset Primavera, Inc. ("HDPI") is a corporation organized under the laws of the Commonwealth of Puerto Rico with a principal place of business in Rincón, Puerto Rico. HDPI operates a hotel in Rincón, Puerto Rico known as the Horned Dorset Primavera.

3. Universal Insurance Group, Inc. ("Universal") is a corporation organized under the laws of the Commonwealth of Puerto Rico with a principal place of business in Guaynabo, Puerto Rico. Universal is engaged in the business of insurance and, upon information and belief, is HDPI's public liability insurance carrier.

4.     The court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a) as it involves a matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### JURY DEMAND

5.     Plaintiffs demand a trial by jury with respect to all issues so triable in the present action.

### FACTS

6.     On April 4, 2013, plaintiffs checked in to defendant's hotel, the Horned Dorset Primavera, to attend a friend's wedding to be held there on April 6, 2013.

7.     After the wedding, plaintiffs attended a banquet and reception which were also held on the premises of defendant's hotel.

8.     HDPI promotes the Horned Dorset Primavera as a safe, fun, and relaxing wedding destination.

9.     After the reception, some of the guests decided to enjoy the hotel's pool. Blomquist left the area where the reception was being held, in order to change into her swimming suit.

10.    When Blomquist returned to the reception area to rejoin some of the other guests, upon stepping on the dance floor, the same was so slippery that, even with rubber-soled shoes, plaintiff fell and received severe physical injuries as a result.

11.    Blomquist fractured her wrist and received other physical traumas to her body when she fell, causing her immediate and intense pain.

12. Because Rincón had no medical facilities to treat plaintiff's fracture and other injuries, Blomquist had to wait until the next day to be transported to the Mayagüez Medical Center where her fracture was treated with an external fixator and cast.

13. Upon the plaintiffs' return to New York, Blomquist continued to experience extreme pain and discomfort.

14. She was advised by her physician in New York that her fracture had to be operated and reset.

15. On April 15, 2013, Blomquist was operated on and her cast was reset.

16. She continued to experience intense pain and discomfort, including back pains and pain and numbness in her extremities.

17. Because of her continuing pain and other injuries, Blomquist consulted with other physicians, and on July 17, 2013, a Magnetic Resonance Imaging (MRI) examination determined that, in addition to her broken wrist, Blomquist had also suffered a large left paracentral disc herniation.

18. Blomquist's physical and moral injuries are continuing, as she continues to experience pain and discomfort requiring continuing medical attention.

19. Plaintiffs did not have medical insurance coverage and were required to pay all medical expenses with high interest credit cards, including the cost of physicians, hospitals, operations, tests, medications, and therapy. Plaintiff's special damages are continuing, but to date, total the amount of $40,909.18 plus continuing interest on the borrowed sums, as listed and specified in Attachment A to this complaint.

## FIRST CAUSE OF ACTION

20. The foregoing pleadings of this complaint are incorporated and re-alleged in connection with this First Cause of Action.

21. Defendant HDPI was negligent in failing to provide a proper and safe facility for the activity that plaintiffs attended. Defendant failed to maintain the dance floor in a condition proper for its use by hotel guests and/or allowed an inherently dangerous condition to exist on that surface.

22. Defendant HDPI was also negligent by failing to warn Blomquist of the dangerous condition that existed on the subject dance floor that caused her fall.

23. Plaintiff Blomquist suffered damages as a result of defendant's negligence, including the medical and other expenses mentioned above, and the intense physical pain and discomfort that she suffered and continues to suffer to this date.

24. Before her injuries, Blomquist was a physically active person that enjoyed biking and hiking, activities that her back injuries and disabilities now make painful. Blomquist, who is an attorney in New York, has also had her career prospects and activities negatively affected by her injuries.

25. Blomquist has also suffered mental suffering and anguish due to the stress caused by the financial burdens imposed by defendant's negligence. In particular, Blomquist has had to vacate her apartment rental in New York City and move into her in-laws' home in upstate New York, and has suffered an ongoing negative impact on her financial quality of life and credit rating due to having to finance her medical treatment with high interest credit cards.

26. Upon information and belief, Universal is HDPI's public liability carrier and, as such, is also liable for the damages claimed herein.

27. Plaintiff Blomquist has suffered the following damages as a result of defendant's negligence: (1) special damages in the amount of $40,909.18 to date as reflected in attached Exhibit A plus interest on the borrowed sums, and such other special damages as may henceforth occur as a result of the continuing damages being suffered by plaintiff; (2) pain and suffering in the estimated amount of $400,000.00; (3) damages resulting from plaintiff's disability to engage in her normal life and career activities estimated in the amount of $200,000; and (4) mental suffering and anguish experienced by Blomquist as a result of her injuries estimated in the amount of $250,000.

## SECOND CAUSE OF ACTION

28. The foregoing pleadings of this complaint are incorporated and re-alleged in connection with this Second Cause of Action.

29. Plaintiff Warner suffered extreme mental pain and anguish upon first seeing his wife's injuries and resulting intense physical pain and suffering. Warner's suffering was further compounded, and has become continuous after it became evident that his wife's pain and discomfort would continue, requiring an additional surgery and therapy, and ultimately upon the discovery of her disability from a herniated disc.

30. Warner has also suffered mental suffering and anguish due to the stress caused by the financial burdens imposed by defendant's negligence. In particular, Warner has had to vacate his apartment rental in New York City and move into his parents' home in upstate New York, and has suffered an ongoing negative impact on his financial quality

of life and credit rating due to having to finance his wife's medical treatment with high interest credit cards.

31. Plaintiff Warner's damages were caused by defendant HDPI's negligence as described above, for which Universal is also liable.

32. Warner's damages represented by his mental pain and anguish are estimated in the amount of $200,000.

WHEREFORE, plaintiffs most respectfully request that this complaint be granted and defendants be ordered to pay plaintiff Kristin Blomquist the total amount of $890,909.18 in connection with the First Cause of Action, and pay plaintiff Kevin Warner the amount of $200,000 in connection with the Second Cause of Action, in addition to plaintiffs' attorneys fees, the costs and expenses of this litigation, and such other and further relief as the facts and circumstances of this case may require.

## CERTIFICATION OF SERVICE

I hereby certify that on this same date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of November 2013.

BONETA & NOGUERAS, LLC
PO BOX 195444
SAN JUAN, PR 00919-5444
PHONE: (787) 751-9393
FACSIMILE: (866) 280-7989

S/Roberto Boneta
USDC No. 115212
E-MAIL: rb@bnlawpr.com