IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KRISTEN BLOMQUIST, et al.,

    Plaintiffs,

       v.                         CIVIL NO.: 13-1835 (MEL)

THE HORNED DORSET PRIMAVERA, INC., et al.,

    Defendants.

**OPINION AND ORDER**

On December 23, 2013, Horned Dorset Primavera, Inc. ("Horned Dorset") and Universal Insurance Company (collectively "defendants" or "third-party plaintiffs") filed an answer to the complaint in this case. ECF No. 9. They included as an affirmative defense that "[t]he accident in question occurred due to the fault or negligence of unrelated third parties, for whose actions and omissions Co-Defendants are not liable." Id. at 6. On January 27, 2014, the court issued a Case Management Order ("CMO"), setting a deadline of February 24, 2014 to amend pleadings and add parties.[1] ECF No. 11, at 22. The CMO states that objections to the same must be filed by February 18, 2014. Id. at 9. Furthermore, it warns "[a]ny motion seeking an extension must be filed well in advance of the deadline." Id. at 8. No objection or extension request to the CMO deadlines was filed before said date. Subsequent to the parties' consent to have the case presided by a U.S. Magistrate Judge and the District Court Judge's referral of the case to the undersigned for all further proceedings, an order was entered noting that all proceedings and directives contained within the CMO remain in effect unless explicitly modified by the court. ECF No. 15.

---

[1] Defendants Horned Dorset Primavera, Inc. and Universal Insurance Company's first legal representation filed his notice of appearance on December 10, 2013.

On March 21, 2014, the parties filed a Joint Case Management Memorandum, in which defendants noted that they are "still considering the filing of a third party complaint." ECF No. 17, at 16. At the Initial Scheduling Conference held on March 28, 2014, defendants informed the court that the deposition of a Horned Dorset employee revealed possible liability of third parties in this case. Notwithstanding the expiration of the deadline to amend pleadings and add parties or the fact that the rationale for failing to add the parties within the original deadline to do so was not persuasive in light of the fact that the deponent was an employee within Horned Dorset's control, the court granted defendants an opportunity to add the parties in question, setting a deadline of April 11, 2014 to file third-party complaints and a deadline of June 11, 2014 to serve third-party defendants. ECF No. 18, at 1. On April 11, 2014, third-party plaintiffs filed a third-party complaint against Victoria Banucci, Michael Dixon, and the conjugal partnership they constitute ("third-party defendants"). On May 2, 2014—that is, after the deadline to file a third-party complaint had expired, after plaintiff had filed a motion to strike the third-party complaint, and without prior leave from the court—third-party plaintiffs filed an amended third-party complaint against third-party defendants. ECF Nos. 20; 22. Once again, the court was flexible and denied plaintiff's motion to strike, implicitly and retroactively allowing the filing of the amended third-party complaint. On May 30, 2014, defendants filed a motion to appoint Civil Action Group, Ltd. d/b/a APS International, Ltd. as a special process server "as per the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." ECF No. 31. The court denied said motion, as it did not articulate any particular necessity for such request.[2] ECF No. 37.

---

[2] The court has discretion to "order that service be made by a United States marshal or deputy or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). "However, the court appointment of a process server is generally unnecessary because the Federal Rules of Civil Procedure also provide that, 'Any person who is at least 18 years old and not a party may serve a summons and complaint.'" Alves v. Daly, C.A. No. 12-10935-MLW, 2013

2

A follow-up status conference was set for July 8, 2014 to discuss matters related to the third-party complaint after the deadline to serve third-party defendants had elapsed; however,

> [t]hird party defendants, who [had] not been served yet with summons, were absent from the conference. Defense counsel explained that three attempts were made the serve third party defendants: June 6, June 9, and June 14, 2014. The court found that defense counsel's reasoning for failing to request an extension of the June 11, 2014 deadline to serve third-party defendants (see ECF No. 18 at p.2), namely that they were waiting for the process server's affidavit, was not persuasive. A final extension until July 18, 2014 was granted by defendants to either serve summons upon the third-party defendants or request service by publication *in conformity with applicable laws*. Defendants were warned that no additional extensions would be granted and that the court was not making any expression at the time of the conference as to whether it would not grant the motion for service by publication.

ECF No. 41, at 1 (emphasis added). On July 18, 2014, third-party plaintiffs moved for service by publication. ECF No. 42. On August 18, 2014 the court denied third-party plaintiffs' motion for service by publication, explaining that "while the affidavits submitted by defendants detail the efforts made by the process server to effect personal service on third-party plaintiffs, said affidavits do not in any way establish that third-party plaintiffs have a 'good cause of action,' nor have third-party plaintiffs submitted a verified third-party complaint." ECF No. 44, at 3. Pending before the court is third-party plaintiff's motion for reconsideration of the denial of their motion for service by publication, filed on August 22, 2014. ECF No. 45.

In their motion to reconsider, defendants emphasize that an amendment has been made to the Puerto Rico Rule of Civil Procedure regarding service of summons by publication, which adds: "The return of process, unexecuted, shall not be a prerequisite for an order for service by

---

WL 1330010, at *5 (D. Mass. Mar. 29, 2013) (denying motion to appoint a special process server for failure to articulate the need for a special process server) (citing Fed. R. Civ. P. 4(c)(2)); see also 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1091 (3d ed. 2012) ("A court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal. Thus, a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court order. Stated differently, a court appointment will be appropriate only when a particular person is needed or that person needs to be given an authority that is not available to the ordinary process server.").

3

publication." T. 32 Ap. V, Rule 4.6(a). In denying defendants' original motion, however, the court did not impose such a prerequisite on defendants or even mention whether or not process had been returned unexecuted in its order. See ECF No. 44. Instead, the decision was based on the lack of the pertinent documentation to show that third-party plaintiffs have a "good cause of action," as mentioned above. The amended rule contains the same requirement to which the court cited—that a party seeking service by publication submit an affidavit or verified complaint "that justifies the granting of some relief against the person to be served or that said person is that proper party in the suit action," which the First Circuit Court of Appeals has interpreted to mean the party must put the court in a position "to ascertain *reliably* that plaintiff has a good cause of action."[3] Senior Loíza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985) (emphasis added); see also id. (citing Union De Periodistas, Artes Graficas y Rama Anexas v. The San Juan Star Co., No. Civ. 10-1679 (SEC), 2011 WL 280850, *1 (D.P.R. Jan. 25, 2011) ("The affidavit must set forth specific probative facts showing that due diligence has been employed to locate

---

[3] It is highly questionable whether defendants' motion for reconsideration meets this standard. The "affidavit in compliance" of "legal examiner and adjuster for Universal Insurance Company," which defendants submit in support of their motion for reconsideration, states:

> I have read the facts and averments in the forgoing motion for reconsideration of Order at Docket 44, in the *Motion for Leave to Process Service of Summons on the Amended Third-Party Complaint by Publication* with all of its Exhibits filed at Docket 42 through 42-13, and the Amended Third-Party Complaint, which are hereby incorporated by reference and made part hereto of this sworn statement, and that such facts and averments to my knowledge are true and correct, except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

ECF No. 45-1, at 3. Although this affidavit states that the affiant is "familiarized" with the amended third-party complaint and with the evidence gathered through discovery and that, in his opinion, third-party plaintiffs "have a valid and meritorious cause of action," in contrast to the information the affiant asserts regarding the attempts made to serve process about which he explicitly states that he and third-party plaintiffs "have personal knowledge" of the relevant facts offered in support, the affidavit does not assert or evince that the affiant has a reasonable basis of knowledge of the facts and averments made within the third-party complaint. Beyond the conclusory declaration that he is familiar with evidence gathered through discovery, the affidavit does not demonstrate the basis of his knowledge of the facts and the same is not readily apparent based on his position. The affidavit lacks any additional detail regarding the form and / or content of the discovery with which he is familiar or anything else that might explain the basis of his knowledge. Regardless of the merits of defendants' amended motion for service by publication contained within their motion for reconsideration, however, the request to reconsider is denied on timeliness grounds, as discussed within this opinion.

defendants, and said statement, or the verified complaint, must properly show that plaintiff has a good cause of action.") (citing Senior Loíza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985)).

Third-party plaintiffs have been afforded substantial leniency regarding the addition of third-party defendants to the case of caption. As of the date of this opinion and order, over eight months have elapsed since defendants answered the complaint, indicating that third parties out of their control were responsible for the damages alleged in the case of caption. Defendants had two months after the answer was filed to add parties and amend pleadings within the original deadline, and failed to do so or to request a timely extension of the deadline, as instructed in the CMO. After the deadline to add parties expired and notwithstanding that defendants did not provide a good reason for timely filing a third-party complaint, nor for filing an untimely amended third-party complaint without prior leave from the court, the court granted defendants an opportunity to pursue their claim against third-party defendants and to serve summons on the same. After said deadlines had expired, rather than filing a motion for an extension of time, defendants arrived to the status conference on July 8, 2014, approximately a month after the deadline to serve third-party defendants had expired, and informed the court that summons had not yet been served. Their rationale for neglecting to request an extension of time to the deadline to serve summons—that they were waiting for the process server's affidavit—was unpersuasive to the court at the time of the conference, and is particularly feeble in light of that fact that the process server's affidavits were sworn and subscribed to on June 23, 2014, over two weeks prior to the date of the conference. See ECF Nos. 42-1; 42-2; 42-3. Nevertheless, third-party defendants were granted a "final extension to either serve summons upon the third-party defendants or request service by publication in conformity with applicable laws." Defendants

chose to pursue the latter course of action, but failed to submit a motion that complied with the strict requirements for a court to grant service by publication in this jurisdiction. At the time their motion for reconsideration of the denial of service by was filed, over 120 days had elapsed since the complaint was filed.[4] Numerous case-management deadlines have elapsed while defendants have been given these opportunities to add third-party defendants, thwarting efficient resolution of the case of caption. Furthermore, at the status conference held on July 8, 2014, "[t]he parties were warned that although the court has been flexible in the past with deadlines, they should not expect such leniency going forward; deadlines will be strictly enforced." ECF No. 41. Based on the untimeliness of defendants' motion to reconsider, filed after the July 18, 2014 deadline to move for service by publication and more than 120 days after the filing of the third-party complaint, defendants' motion for reconsideration is denied.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case . . . for any of the reasons prescribed in Fed.R.Civ.P. 41(b). Lack of diligent prosecution is such a reason." Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525–26 (2002) (citing Link v. Wabash R .R. Co., 370 U.S. 626, 629–31 (1962)). "[A] litigant who ignores case-management deadlines does so at his peril." Rosario–Díaz v. González, 140 F.3d 312, 315 (1st Cir.1998); see also Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996) (explaining that successive violations of court scheduling orders can justify dismissal with prejudice, and admonishing parties who "treat scheduling orders as optional and [who] conduct trial preparations at their own convenience"); see also Rosario–Díaz, 140 F.3d at 315 (noting the

---

[4] Although third-party plaintiffs amended the complaint on May 2, 2014, the 120-day period for serving process pursuant to Rule of Civil Procedure 4(m) began to run when the original third-party complaint was filed, April 11, 2014, and was not extended due to the amendment, which added only an additional allegation against third-party defendants. See e.g., Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148-49 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.") (citing 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)).

"unflagging duty to comply with clearly communicated case-management orders."). In light of the procedural history discussed above, on or before September 18, 2014 third-party plaintiffs shall show cause as to why third-party defendants could not have been identified and sued prior to the expiration of the original February 24, 2014 deadline to add parties and amend pleadings, why the third-party complaint should not be dismissed with prejudice for lack of diligent prosecution, and why the third-party complaint should not be dismissed under Fed. R. Civ. P. 4(m). The court will not entertain any further supplemental or amended requests for service by publication contained within defendants' show cause response.

    IT IS SO ORDERED

    In San Juan, Puerto Rico, this 11th day of September, 2014.

                                                   s/Marcos E. López
                                                   U.S. Magistrate Judge