IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KRISTEN BLOMQUIST, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 13-1835 (MEL) |
| THE HORNED DORSET PRIMAVERA, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

On May 28, 2015 defendant Horned Dorset Primavera, Inc. ("Horned Dorset") filed a motion informing that court that it filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code (see ECF No. 93) and plaintiffs filed a response in opposition requesting that the court proceed to trial as scheduled against co-defendant Universal Insurance Group, Inc. ("Universal") (see ECF No. 94). That same day, the court entered an order staying all proceedings in this case in light of the bankruptcy proceeding in the United States Bankruptcy Court for the District of Puerto Rico. ECF No. 96. Pending before the court is plaintiffs' motion for reconsideration, in which they request that the court allow the case to proceed against Universal notwithstanding the automatic stay against Horned Dorset. ECF No. 98. For the following reasons, the motion for reconsideration is denied.

Section 362(a)(1) of the United States Bankruptcy Code (the "Code") provides of an automatic stay "of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . ." and § 362(a)(3) of the Code automatically enjoins "all entities" from "any action to obtain possession of property of the estate or of property from

the estate or to exercise control over property of the estate. 11 U.S.C. §§ 362(a)(1) & (a)(3). Section 541 of the Code defines "property" as "all legal and equitable interests of the debtor." Id. at § 541(a)(1).

Plaintiffs assert that § 362(a) only applies to the debtor, in this case Horned Dorset, and that "the proceeds of the insurance policy are not property of the estate." ECF No. 98, at 3. Therefore, plaintiffs seek to pursue a direct action against Universal Insurance Group, Inc., as insurer of Horned Dorset, pursuant to 29 Laws P.R. Ann., § 2003. Id. Plaintiffs' first claim is correct: "[The] automatic stay of judicial proceedings against debtors when they seek bankruptcy protection . . . does not extend to non-debtor third parties or co-defendants." Villafañe-Colón v. B Open Enterprises, Inc., 932 F.Supp.2d 274 (2013) (citing 11 U.S.C. § 362(a)(1)). Contrary to plaintiffs' second assertion, however, the Court of Appeals for the First Circuit has explicitly found that proceeds of a liability insurance policy are property of a debtor's estate pursuant to § 541(a)(1):

> Tringali argues that the proceeds of liability insurance are not subject to the "automatic stay," for they are not "property of the estate." 11 U.S.C. § 541(a)(1) . . . . We do not agree with the initial premise of this argument, however, for language, authority, and reason all indicate that proceeds of a liability insurance policy are "proceeds of the estate."

Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553, 560 (1986) ("Every court that has recently considered the specific question has held that liability insurance falls within the scope of § 541(a)(1)."); see also In re Adelphia Communications Corp., 298 B.R. 49, 52-53 (Bankr. S.D.N.Y. 2003) ("[I]t is well settled that insurance *policies* are covered by the automatic stay provision of the Bankruptcy Code . . . .") (emphasis in original) (citing MacArthur Co. v. Johns-

Manville Corp., 837 F.2d 89 (2d Cir. 1988)).[1] In reaching this decision, the First Circuit made clear that "[t]he language of § 541(a)(1) is broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt—debts accrued through, for example, the insured's negligent behavior." Tringali, 796 F.2d at 560; see also Villafañe, 932 F.Supp.2d at 280-82 (granting motion to stay all proceedings against debtor and its insurer pending the outcome of the debtor's bankruptcy proceedings) (citing Tringali, 796 F.2d 553). In light of the decision in Tringali, the order staying all proceedings in this case, including those against Universal as insurer of Horned Dorset, and vacating the pretrial and settlement conference and trial date (ECF No. 96) stands. Horned Dorset is reminded that it shall immediately notify the court if the bankruptcy stay is lifted or if its petition for bankruptcy is dismissed.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 3rd day of June, 2015.

s/Marcos E. López
U.S. Magistrate Judge

---

[1] In arguing that the proceeds of insurance policies are not property of a bankruptcy estate, plaintiffs cite to cases of the Fifth Circuit Court of Appeals, which has "held that while insurance policies are generally property of the estate, the proceeds of liability insurance policies, unlike first party policies, are generally not." Sosebee v. Steadfast Ins. Co., 701 F.3d 1012, 1023 (5th Cir. 2012) (citing In re Edgeworth, 993 F.2d 51, 55-56 (5th Cir. 1993)). That statement, however, directly conflicts with the First Circuit's holding in Tringali that proceeds from an insurance policy, like the insurance policy itself, are property of the bankruptcy estate. See Tringali, 796 F.2d at 560; see also In re Mahoney Hawkes, LLP, 289 B.R. 285, 289 (Bankr. D. Mass. 2002) ("I am constrained to follow Tringali and hold that the proceeds of the Policy are property of the estate.") (citing Tringali, 796 F.2d at 560).