**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KRISTIN BLOMQUIST, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 13-1835 (MEL) |
| HORNDED DORSET PRIMAVERA, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On November 1, 2013, Kristin Blomquist ("Blomquist") and her husband Kevin Warner ("Warner") (collectively "Plaintiffs") filed a complaint against the Horned Dorset Primavera, Inc. and Universal Insurance Group, Inc. (collectively "Defendants") alleging that Defendants were negligent in relation to a slip and fall that Blomquist experienced at the Horned Dorset Primavera Hotel in Rincón, Puerto Rico ("the Hotel"). See ECF No. 1. On October 4, 2016, the parties commenced a jury trial pursuant to Plaintiffs' claims under Puerto Rico's general tort statute, Article 1802 (codified as P.R. Laws Ann., tit. 31 §5141). At the close of Plaintiffs' case in chief, Plaintiffs moved for a directed verdict in their favor pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. ECF No. 159. This request was denied. Id. On October 6, 2016, the Jury returned a verdict in favor of the Defendants.  On October 12, 2016, judgment was entered pursuant to the Jury's verdict. ECF Nos. 162 and 169. On November 7, 2016, Plaintiffs filed a renewed motion for judgment as a matter of law. ECF No. 173. In the alternative, Plaintiffs move for a mistrial and request a new trial. Id.

## II.    FACTUAL BACKGROUND

On April 4, 2013, Plaintiffs checked into the Hotel to attend a friend's wedding, which was held at the Hotel on April 6, 2013. After the wedding ceremony, Plaintiffs attended a banquet and reception, which were also held at the Hotel. After the reception, some of the guests decided to use the pool at the Hotel. Plaintiff Blomquist left the area where the reception was held to change into her bathing suit. In the early morning hours of April 7, 2013, between 12:00 am and 1:30 am, wedding guests poured water and soap onto the dance floor and used the dance floor to dance, slip, and slide on the wet, soapy surface; the guests slid on their front sides, backsides, and sideways. While wearing his tuxedo, Plaintiff Warner used the wet, soapy dance floor to dance, slip, and slide on its surface. At some point between 12:00 am and 1:30 am, after the wedding guests had poured water and soap on the dance floor, and once Blomquist returned to the reception after putting her bathing suit on, she slipped and fell on the wet, soapy dance floor.[1]

## III.    ANALYSIS

### 1. Renewed Motion for Judgment as Matter of Law and Motion for New Trial

Review of a Rule 50 motion is strongly weighted toward preservation of the jury verdict, and the "court is without authority to set aside a jury verdict and direct entry of a contrary verdict unless the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Keisling v. SER–Jobs for Progress, 19 F.3d 755, 759–60 (1st Cir. 1994); see N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 26 (1st Cir. 2005). "When ruling upon a motion for judgment notwithstanding the verdict, the trial judge may not evaluate the credibility of the witnesses, the weight of the evidence, or attempt to

---

[1] The facts above were stipulated by the parties and provided to the Jury as stipulated facts during the presentation of jury instructions. Hrg. 10/6/2016 at 4:35 pm.

resolve conflicting testimony, because credibility questions are within the exclusive province of the jury. The judge must view the evidence in the light most favorable to the non-movant and grant that party every reasonable inference that the jury might have found in its favor." <u>Acevedo García v. Vera Monroig</u>, 213 F.Supp.2d 42, 47 (D.P.R.2002) (internal citations omitted).[2]

Article 1802, Puerto Rico's general tort statute, provides, "[a] person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann., tit. 31, § 5141. In order to prevail in a general tort claim under Puerto Rico law, a plaintiff must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission . . . , and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." <u>Vázquez-Filippetti v. Banco Popular de P.R.</u>, 504 F.3d 43, 49 (1st Cir. 2007) (citing <u>Tórres v. KMart Corp.</u>, 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002)).

The element of negligence has two sub-elements: duty and breach. <u>Vázquez-Filippetti</u>, 504 F.3d at 49. "In most cases, the duty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." <u>Id.</u> (citing <u>Ortiz v. Levitt & Sons of P.R., Inc.</u>, 1 P.R. Offic. Trans. 407 (1973)). A defendant breaches that duty if he acts or fails to act "in

---

[2] Federal Rule of Civil Procedure 50 provides in pertinent part,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

A Rule 50(a) motion may be made at any time before the case is submitted to the jury. Fed R. Civ. P. 50(a). If the court does not grant the Rule 50(a) motion, the court is considered to have submitted the matter to the jury subject to the court's later deciding the legal questions raised by the motion. Fed R. Civ. P. 50(b). No later than 28 days after entry of judgment the movant may file a renewed motion for judgment as a matter of law pursuant to Rule 50(b). <u>Id.</u> As Defendants have not challenged the procedural preconditions of Plaintiffs' Rule 50(b) motion, this opinion and order will focus the merits of Plaintiffs' request.

515ff2d2f30b8003

a way that a reasonably prudent person would foresee as creating undue risk." <u>Vázquez-Filippetti</u>, 504 F.3d at 49 (citing <u>Pacheco Pietri v. ELA</u>, 1993 P.R. Offic. Trans. 839,817 (1993) (Alonso, J., dissenting)). Thus, a plaintiff must show that the defendant failed to "exercise due diligence to avoid foreseeable risks." <u>Lang v. Corporación de Hoteles</u>, 522 F. Supp. 2d 349, 365-66 (D.P.R. 2007) (quoting <u>Malavé-Félix v. Volvo Car Corp.</u>, 946 F.2d 967, 971 (1st Cir. 1991)); <u>see also</u> <u>Vázquez-Filippetti</u>, 504 F.3d at 49.

Plaintiffs contend they are entitled to a directed verdict of negligence because the Hotel's knowledge that guests had created a dangerous situation on the dance floor and were cavorting on the same "created a duty to remediate the dangerous condition, and stop the dangerous activity." ECF No. 173 at pg. 7. At trial, there was testimony that Geraldine Thouvenin, a hotel employee at the time, told the groom that slipping and sliding on the dance floor was not recommended and that it was dangerous. Hrg. 10/6/2016 at 10:20 am. According to Thouvenin, the groom disregarded her warning, and then retrieved soap from the Hotel's kitchen, and added it to the dance floor. <u>Id</u>.[3] While Plaintiffs argue that Thouvenin took no further action to halt the guests from using the dance floor, the Jury determined the Hotel was not negligent. This implies they found the Hotel staff acted reasonably and prudently under the circumstances in deciding not to halt the wedding reception.[4] In light of the fact that there was evidence to suggest that wedding

---

[3] Plaintiffs did not sue Michael Dixon, the groom. If anything, they attempted to prevent a third-party complaint against the groom and the bride to proceed. <u>See</u> ECF Nos. 20, 21, 22, 41, 42, 44, 45, 46, 47.

[4] Plaintiffs imply that Defendants are strictly liable for damages resulting from a dangerous condition on the premises if Hotel staff knew or should have known of the dangerous condition. The language they cite in support of this position, however, merely states that actual or constructive knowledge of the dangerous condition is a necessary condition to impose liability. <u>See Torres v. KMart Corp.</u>, 233 F. Supp. 2d 273, 278 (D.P.R. 2002) ("liability is *only* imposed in situations that involve risky conditions inside the business premises that the owner knew or should have known existed.")(emphasis added). <u>See also</u> Opinion and Order on Summary Judgment, ECF No. 83 at pgs. 7-8. Although under Puerto Rico law a hotel-keeper owes its guests a heightened duty of care and protection, the hotel-keeper is not an insurer of its guests' well-being. Consequently, notwithstanding the heightened duty of care and protection, the hotel-keeper is not liable for harm unless the harm is reasonably foreseeable. <u>Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.</u>, 124 F.3d 47, 51 (1st Cir. 1997).

guests and/or the groom created the dangerous condition (a condition that Blomquist's husband was well aware of when he used the wet, soapy dance floor to dance, slip, and slide on its surface) and that at least one member of the Hotel's staff warned the groom, the evidence does not point so strongly and overwhelmingly in favor of liability that no reasonable jury could have returned a verdict for the Defendants. Therefore, Plaintiffs' request for judgment notwithstanding the verdict is DENIED.

In the alternative, Plaintiffs request a new trial, contending the Jury's verdict was against the weight of the evidence and that maintaining the verdict would permit a miscarriage of justice. A district court may order a new trial under Federal Rule of Civil Procedure 59(a) "only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." Crowe v. Marchand, 506 F.3d 13, 19 (1st Cir. 2007).

In their request for a new trial, Plaintiffs hammer defense witness Antonio Rosa's testimony that he saw Blomquist dancing on the wet dance floor before her fall. This challenge is not sufficient to grant a new trial for two reasons. First, the issue of whether Blomquist was dancing or cavorting on the dance floor is solely relevant to the question of whether she was comparatively negligent, and not whether the Hotel was negligent. As the Jury found the Hotel was not negligent, whether Blomquist was comparatively negligent is moot. Second, even if Rosa's testimony is relevant to the question of the Hotel's negligence, the inconsistencies in his testimony are not so great that no reasonable jury could credit his version of events. Rosa testified to seeing Blomquist dancing in a black bathing suit before stating, "I don't recall if it was a black bathing suit, or black something—she was wearing black." Hrg. 10/6/2016 at 11:19 am and 11:30 am. While Plaintiffs contend there was evidence that Blomquist wore a black evening gown over her pink bathing suit

5

when she fell, Rosa consistently testified that Blomquist was wearing black. Joint Exhibit VII(c) (a photo of Blomquist after the fall). While there may be grounds to doubt Rosa's account, the inconsistencies in his testimony are better left to the Jury to weigh.

Plaintiffs remaining arguments in support of a new trial are largely parallel to their request for judgment notwithstanding the verdict. In light of the same circumstances discussed in the context of Plaintiffs' request for judgment notwithstanding the verdict, the Jury's verdict was not against the weight of the evidence. Therefore Plaintiffs' request for a new trial pursuant to Rule 59 is DENIED.

### 2. Motion for Mistrial

Lastly, Plaintiffs contend a mistrial must be declared in this case because counsel Hector Ferrer Rios and Julio Cayere Quidgely had not been granted approval by the bankruptcy court to represent the Horned Dorset Primavera, Inc. During the pendency of this case, codefendant Horned Dorset Primavera, Inc. filed a petition for bankruptcy. See ECF No. 93-1 (copy of voluntary petition for bankruptcy). The bankruptcy court, however, determined that "the Debtor, its estate, and other creditors, will not be prejudiced or affected in any way by allowing the civil litigation initiated by the Warners to proceed to trial, as long as any judgment rendered therein is collected only from the proceeds of Universal's insurance policy." ECF No. 116-1.

At the time of its petition for bankruptcy, Horned Dorset Primavera, Inc. was represented by counsel Héctor Ferrer-Ríos and Julio Cayere Quidgley, who also represented codefendant Universal Insurance Group, Inc. See ECF Nos. 7 and 19. Plaintiffs contend that after Horned Dorset Primavera, Inc. entered bankruptcy proceedings, counsel Ferrer Ríos and Cayere Quidgely required leave from the bankruptcy court to continue representing Horned Dorset Primavera, Inc.,

and that no leave was granted.[5] Plaintiffs therefore argue that Horned Dorsett Primavera, Inc. was not represented by approved counsel at trial, and the case must be tried anew with proper counsel.

Plaintiffs' motion for mistrial is untenable because the error by counsel Ferrer Ríos and Cayere Quidgely, if any, was harmless to the trial in this case. Even if counsel Ferrer Ríos and Cayere Quidgely were not granted leave from the bankruptcy court to represent the Horned Dorset Primavera, the Jury returned a verdict in favor of Defendants. The Bankruptcy Code implies the purpose of requiring court appointment of an attorney for the debtor is to promote the best interests of the estate. See 11 U.S.C. §327(e).  In light of the Jury's verdict, it is hard to fathom that counsel Ferrer Ríos and Cayere Quidgely's representation was not in the best interests of the estate. The error, if any, is a matter for the bankruptcy case, and does not warrant disturbing the Jury's verdict in the case at bar. Furthermore, although defense counsel's lack of leave to appear for Horned Dorset Primavera, Inc. would have been evident before trial in the bankruptcy case docket, Plaintiffs waited until after the Jury's verdict to object to Horned Dorset Primavera Inc.'s alleged lack of approved counsel. In failing to object in a timely manner, Plaintiffs have waived the issue. See Phav v. Trueblood, Inc., 915 F.2d 764, 769 (1st Cir. 1990) ("If a slip has been made, the parties detrimentally affected must act expeditiously to cure it, not lie in wait and ask for another trial when matters turn out not to their liking.")

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion requesting judgment notwithstanding the verdict or a new trial (ECF No. 173) is DENIED.

---

[5] Title 11, U.S.C. section 327(e) provides that a trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate. Plaintiffs aver that after making an exhaustive review of the Bankruptcy proceedings related to Horned Dorset Primavera's Chapter 11 Bankruptcy Petition in Case No. 15-03837-ESL 11, they have been unable to locate any designation of either counsel Ferrer-Rios or Cayere-Quidgely as Special Counsel to represent the Horned Dorset Primavera, Inc. in this case.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 24th day of July, 2016.

s/Marcos E. López
U.S. Magistrate Judge